UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14271-CIV-MARTINEZ/LYNCH

COPLEY'S RV CENTER, INC., DAYS CAMPING
AND RV CENTER, INC., AND RCRV, LLC d/b/a
RIVER CITY RV,

        Plaintiffs,

v.

TEXTRON FINANCIAL CORP.

        Defendant.

_____/



FILED by _____ D.C.

NOV 1 7 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (DE 15)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, Response, and Reply, this Court recommends as follows:

1.    The Plaintiffs are individual RV dealers/retailers who allege that the Defendant breached their Wholesale Security Agreements ("WSA"), the financing agreements by which they acquired RV inventory. The nature of the alleged breach is basically that the Defendant charged them interest <u>before</u> it actually advanced the purchase money to the RV manufacturers. This argument underlies the three counts of their Complaint. First, the Plaintiffs allege that the Defendant's interest accrual practice was contrary to the terms of the WSA. Second, they allege that the Defendant's practice breached the implied

duty of good faith and fair dealing. Third, they allege that the extra interest constitutes unjust enrichment.

2.    The Defendant moves under Rule 12(b)(6), Fed. R. Civ. P., which authorizes a court to dismiss a Complaint for insufficient pleading. Determining whether a Complaint states a claim ultimately requires this Court to accept the Plaintiffs' well-pled factual allegations as true and to draw all reasonable inferences in their favor, see Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007), and factual averments are to be distinguished from mere legal conclusions, see Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007). In the case of Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court amplified its earlier ruling in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), by stressing the importance of factual averments. The Court explained that a plaintiff must provide sufficient facts to show how the alleged violation of law is plausible. This requirement for a minimum factual showing is important, moreover, for informing the defendant exactly what is being alleged and what it must defend itself against.

3.    Here, the parties dispute concerns the interpretation of contractual terms. Thus, in applying the foregoing standard, the Court may look beyond the four corners of the Complaint, and examine the contracts, itself. See Rhodes v. Omega Research,

Inc., 38 F.Supp.2d 1353, 1357-58 (S.D. Fla. 1999) and Future Tech

Int'l, Inc., v. Tae II Media, Ltd., 944 F.Supp. 1538, 1561 (S.D.

Fla. 1996).

    4.    In support of its Motion to Dismiss, the Defendant

argues that the Plaintiff's Complaint fails for the same reason

given in the case of Gentry v. Harborage Cottages-Stuart, LLLP,

2008 WL 1803637 (S.D.Fla. 2008). That is, the Plaintiff's

"allegations fail to provide sufficient reference to a specific

term of the Purchase Agreements that was breached." This is

plainly not the case here. The Plaintiffs do cite the specific

contract provisions that they feel govern the purported breach.

The purported breach, moreover, concerns a very specific issue:

the interest accrual start date. What the Defendant really is

arguing is that the Complaint fails on its merits because the

contract language contradicts the Plaintiffs' theory. However,

where the pleadings otherwise are clear and adequately set forth

the theory of relief, relief on the merits is unavailable on a

Motion to Dismiss.

    5.    Even if this Court were to take the inquiry one step

further and consider whether the contract's language patently

contradicts the Plaintiffs' theory of relief, the Defendant's

Motion still would fail. In order to show how, this Court briefly

reviews the parties' arguments. The "Promise to Pay" provision of

the WSA obligates the Plaintiffs, as the Debtors, to pay the

"Total Debt" consisting of the original invoice cost ("Invoice Cost") together with interest and charges thereon. The "Finance Plan" addendum to the WSA states that "interest shall accrue on the outstanding principal amount financed for each item of Inventory at the applicable Basic Rate." This appears to be a standard financing obligation. The Plaintiffs argue that the plain and common understanding of these provisions and such words as "outstanding", "financed", and "debt" mean money borrowed in the past. Charging interest before the money is actually loaned therefore is inherently inconsistent with these terms.

6.    It is the Defendant's argument that the operative terms are merely general placeholders. One must look instead to the various Statements of Financial Transaction (SOFT's), generated for each RV financed, for the specific information to plug in. As the Defendant explains, "[t]he dates and financing terms contained in each unique SOFT are incorporated into the Finance Plans and deemed accepted by [its] customers absent their explicit objection within 10 days . . . ." The Defendant does not proffer an example SOFT, but in any event, they fall outside the scope of the pleadings as framed by the Plaintiffs.

7.    From the Defendant's Reply, this Court understands the financing process to create in effect a pre-manufacture purchase. The RV manufacturer does not even build the RV until financing is secured. Thus, under this system, "financing" occurs when the

Page 4 of  6

manufacturer generates its invoice. (This is the point at which the Defendant begins to charge interest.) In this way, the Defendant argues, the Plaintiff already is using its "financing" (in order to secure the manufacture of the ordered RV unit) even though it has not actually transferred the purchase money. The transfer of the money, or what the Defendant deems the "funding" stage, occurs later when it pays the invoice. This Court infers that the contractual provision that starts the accrual of interest is the particular invoice date inserted into the SOFT.

8.   Dispositive for instant purposes is the absence of language in the financing contracts that expressly permit interest on a pre-"funding", to use the Defendant's present wording, basis. That leaves for later determination whether the contractual language does obligate the Plaintiffs to pay pre-funding interest (as the Defendant contends) or whether pre-funding interest exceeds the scope of the parties' agreement (as the Plaintiffs contend). In any event, the Plaintiffs do not fail to state a breach of contract claim.

9.   Likewise the Plaintiffs do not fail to state their other, contract-related claims. Regarding the breach of implied duty claim, the Plaintiffs' sufficiently allege that pre-funding interest is inconsistent with their contractual expectations and the contract's purpose, and it was an unreasonable action on the Defendant's part. Regarding the unjust enrichment claim, the

Plaintiffs may plead it in the alternative to their contract-based claims.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's Motion to Dismiss be **DENIED.**

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this ___ day of November, 2009.

```
                                    FRANK J. LYNCH, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```

cc:  Hon. Jose E. Martinez
     Mitchell R. Bloomberg, Esq.
     Richard L. Allen, Esq.