UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

**Case Number:09-14271-CIV-MARTINEZ/LYNCH**

COPLEY'S R.V. CENTER, INC., a Florida
corporation, DAYS CAMPING and RV
CENTER, INC., a foreign corporation, and
RCRV, LLC d/b/a RIVER CITY RV, a foreign
corporation, individually and on behalf of all
others similarly situated,

       Plaintiffs,

vs.

TEXTRON FINANCIAL CORPORATION, a
foreign corporation,

       Defendant.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS

THE MATTER was referred to the Honorable Frank J. Lynch, Jr., United States

Magistrate Judge, for a Report and Recommendation on Defendant's Motion to Dismiss (D.E.

No. 15).  Magistrate Judge Lynch filed a Report and Recommendation (D.E. No. 22).  The Court

has reviewed the entire file and record.  The Court has made a *de novo* review of the issues that

the objections to the Magistrate Judge's Report and Recommendation present, and being

otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lynch's Report and Recommendation

(D.E. No. 22) is **AFFIRMED** and **ADOPTED**.  The central issue in this case is whether

Defendant's practice of charging Plaintiffs interest on funds before the money was actually

advanced to Plaintiffs constituted a breach of contract (Count 1), and violated the implied duty of

good faith and fair dealing (Count 2), which resulted in Defendant's unjust enrichment (Count 3).

Defendant contends that its debtor-creditor relationship with each of the Plaintiffs was governed by a contract known as a "Finance Plan."  Defendant further contends that it was permitted under the relevant Finance Plans to begin charging interest on the "Interest Start" Date, a term that is defined in a separate set of documents, known as the "Statements of Financial Transaction" (SOFTs).  Defendant asserts that the "Interest Start" Date clearly and unambiguously permitted Defendant to charge interest prior to the advancement of any funds, and therefore the Complaint must be dismissed for failing to state a claim upon which relief can be granted.

Neither party, however, attached a copy of any SOFT to any pleading or motion and there is no indication in the record that the parties are in agreement concerning the content or the interpretation of the terms of any applicable SOFT.  *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 (11th Cir. 2006) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").  There is therefore no document in the present record that "shows unambiguously on its face that the relief prayed for is not merited," rendering dismissal inappropriate, as Plaintiffs have adequately alleged that Defendant's practice of calculating interest violated the "Promise to Pay" and "Interest Payment" provisions of the parties' contracts. *ABM Fin. Svs., Inc. v. Express Consolidation, Inc.,* No. 07-60294-CIV, 2008 WL 686920, at *4 (S.D. Fla. Mar. 3, 2008).  Accordingly, it is

**ADJUDGED** that

1.  United States Magistrate Judge Lynch's Report and Recommendation (D.E. No. 22) is

**AFFIRMED** and **ADOPTED**.

2.  Defendant's Motion to Dismiss (D.E. No. 15) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of January, 2010.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Frank J. Lynch, Jr.
All Counsel of Record